|   |   |   |
|---|---|---|
| | **UNITED STATES DISTRICT COURT** | |
| | **DISTRICT OF NEVADA** | |

| | |
|---|---|
| Wilmington Trust, National Association, as successor trustee to Citibank, N.A., as trustee for the holders of the Lehman Mortgage Trust Mortgage Pass-through certificates, Series 2006-3, a national bank,<br><br>Plaintiff<br>v.<br><br>Royal Highlands Street and Landscape Maintenance Corporation, a Nevada non-profit corporation; Saticoy Bay LLC Series 4509 Melrose Abbey, a Nevada limited liability company,<br><br>Defendants | Case No.: 2:18-cv-00245-JAD-PAL<br><br>**Order Granting<br>Motions to Dismiss in Part<br>and Closing Case**<br><br>[ECF Nos. 8, 14] |

Wilmington Trust (the Bank) brings this diversity action to challenge the effect of the 2013 non-judicial foreclosure sale of the home at 4509 Melrose Abbey Place in Las Vegas, Nevada, on which it claims a deed of trust securing a mortgage on the property.[1] The Bank sues the Royal Highlands Street and Landscape Maintenance Corporation (the HOA that conducted the foreclosure sale), along with Saticoy Bay LLC Series 4509 Melrose Abbey (which purchased the property at the foreclosure sale). The Bank seeks a declaration that the sale was void, or at least that its deed of trust was not extinguished by the sale even though Nevada law holds that a properly conducted HOA non-judicial foreclosure sale will extinguish a first deed of trust.[2] Both defendants move to dismiss the Bank's claims as time barred and for a host of other reasons.

---

[1] ECF No. 5 (amended complaint).
[2] *SFR Investments Pool 1 v. U.S. Bank*, 334 P.3d 408, 419 (Nev. 2014).

Because I find that its single equitable claim for quiet title was filed after the statute of limitations expired, I grant the motions in part and dismiss this case.

## Background[3]

The Bank claims that it has been the beneficiary of a deed of trust securing the mortgage on this home since September 26, 2014.[4] The home is located in the Royal Highlands at Southern Highlands planned-unit development in Las Vegas, Nevada, and subject to the codes, covenants, and restrictions (CC&Rs) for its homeowners' association, which require the owners of property in this neighborhood to pay certain assessments.[5] When the assessments on this home became delinquent, the HOA, through its foreclosure agent, commenced non-judicial foreclosure proceedings under Chapter 116 of the Nevada Revised Statutes. The foreclosure sale occurred on February 13, 2013, and the trustee's deed recorded six days later.[6] The Bank filed this lawsuit just days before the five-year anniversary of the sale, on February 9, 2018. It pleads a single claim for relief entitled "Declaratory Relief: Quiet Title."[7]

The Nevada Legislature gave HOAs a superpriorty lien against residential property for certain delinquent assessments.[8] As the Nevada Supreme Court held in *SFR Investments Pool 1 v. U.S. Bank* in 2014, because NRS 116.3116(2) gives an HOA "a true superpriority lien, proper foreclosure of" that lien under the non-judicial foreclosure process created by NRS Chapters 107

---

[3] These facts come from the amended complaint's factual allegations, which I accept as true for purposes of these motions to dismiss. And I find these motions to be suitable for disposition without oral argument. LR 78-1.

[4] ECF No. 1 at ¶ 4.

[5] ECF No. 1-2 at 18 (planned-unit-development rider).

[6] ECF No. 1 at ¶ 7; ECF No. 1-4 at 2.

[7] *Id*.

[8] Nev. Rev. Stat. § 116.3116; *SFR*, 334 P.3d at 409.

and 116 "will extinguish a first deed of trust."[9] The Bank alleges that the foreclosure process here was defective for numerous reasons, including that its predecessor in interest had satisfied the superpriority lien amount, which should have stopped the foreclosure, and regardless, the HOA foreclosure scheme in NRS Chapter 116 violated the Bank's due-process rights.[10]

**Discussion**

A statute-of-limitations defense may be raised by a motion to dismiss "if the running of the statute is apparent on the face of the complaint."[11] "When a motion to dismiss is based on the running of the statute of limitations, it can be granted only if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled."[12]

Saticoy Bay argues that the Bank's claim does not fit neatly under any of Nevada's statutes of limitations, so the court must apply the catch-all four-year deadline in NRS 11.220. And because this lawsuit was filed nearly five years after the foreclosure sale that this claim targets, it is time barred.[13] The HOA suggests a less generous limitations period. It characterizes the Bank's claim as one based "upon a liability created by statute" and governed by NRS 11.190(3)(a)'s three-year deadline.[14] The Bank contends that its claim is one for quiet title, it

---

[9] *SFR*, 334 P.3d at 419.
[10] *See generally* ECF No. 1.
[11] *Jablon v. Dean Witter & Co.*, 614 F.2d 677, 682 (9th Cir. 1980).
[12] *Id.*
[13] ECF No. 8 at 16.
[14] ECF No. 14 at 5.

3

enjoys a five-year statutory period, and that deadline didn't start running until the Nevada Supreme Court handed down the SFR decision on September 18, 2014.[15]

### A. The Bank's claim is an equitable quiet-title claim.

To evaluate claims, "we must look at the substance of the claims, not just the labels used."[16] The Bank's claim is an equitable quiet-title claim. Its general purpose is to challenge the legality of the foreclosure sale and its impact on the Bank's lien interest. This requested equitable relief makes this the type of quiet-title claim recognized by the Nevada Supreme Court in *Shadow Wood Homeowners Association, Inc. v. New York Community Bancorp*—an action "seek[ing] to quiet title by invoking the court's inherent equitable jurisdiction to settle title disputes."[17] The resolution of such a claim is part of "[t]he long-standing and broad inherent power of a court to sit in equity and quiet title, including setting aside a foreclosure sale if the circumstances support" it.[18]

### B. This quiet-title claim was time barred four years after the foreclosure sale.

The Bank argues that "binding Ninth Circuit precedent holds that the applicable statute of limitations for a quiet title claim in Nevada is five years," and it string-cites to NRS 11.070, NRS 11.080, and *Scott v. Mortgage Electronic Registration System*[19] for that proposition. Though some quiet-title claims in Nevada are governed by these statutory provisions, not all of them are. NRS 11.080 provides a five-year deadline for claims for "the recovery of real property, or for the

---

[15] ECF Nos. 9 & 14.

[16] *Nevada Power Co. v. Eighth Judicial Dist. Court of Nevada ex rel. Cty. of Clark*, 102 P.3d 578, 586 (Nev. 2004).

[17] *Shadow Wood Homeowners Ass'n, Inc. v. New York Cmty. Bancorp*, 366 P.3d 1105, 1110–1111 (Nev. 2016).

[18] *Id.* at 1112.

[19] *Scott v. Mortgage Elec. Reg. Sys.*, 2015 WL 657874 (9th Cir. Feb. 17, 2015).

4

recovery of the possession thereof other than mining claims . . . ."[20] But this is not an action for the recovery of property or its possession; if the Bank wins, it gets only a lien against the property. So NRS 11.080 has no application to the Bank's claims. NRS 11.070 provides a five-year statute of limitations for actions or defenses "founded upon the title to real property or to rents or to services out of the same."[21] The Bank's claims would not fall under NRS 11.070 either, however, because they are not founded upon title, rents, or services, but upon lien rights created by a deed of trust.

The Bank's reliance on the Ninth Circuit's unpublished disposition in *Scott*[22] is not helpful to the Bank's position either. Though the panel stated that "[t]he statute of limitations for quiet title claims in Nevada is five years" and cites to NRS 11.070 and 11.080 for that proposition, the Scotts were property owners who claimed "superior title to the subject property."[23] So, unlike the Bank's claim, theirs was an action seeking the recovery of real property and was founded upon title, so it was plainly governed by those five-year statutes of limitation.

With no squarely applicable limitations statute for the Bank's equitable quiet-title claim, I am left with the catch-all four-year deadline in NRS 11.220.[24] Because the foreclosure sale recorded on February 19, 2013, and this action was filed more than four years later on February 9, 2018, the Bank's claim is time barred.

---

[20] Nev. Rev. Stat. § 11.080.

[21] Nev. Rev. Stat. § 11.070; *see also Bank of Amer. v. Country Garden Owners Ass'n*, 2:17-cv-01850-APG-CWH, 2018 WL 1336721, at *2 (D. Nev. Mar. 14, 2018).

[22] *See* ECF No. 9 at 18 (citing *Scott*, 605 F. Appx at 600).

[23] *Scott*, 2015 WL 657874, *1.

[24] NRS 11.220 states, "An action for relief, not hereinbefore provided for, must be commenced within 4 years after the cause of action shall have accrued."

5

In an effort to delay the trigger date, for its claim the Bank contends that the statute of limitations did not begin to run until the Nevada Supreme Court decided the *SFR* case in 2014 because it didn't know until then that such foreclosure sales extinguish deeds of trust.[25] The notion that *SFR* announced a new rule was rejected by the Nevada Supreme Court in *K&P Homes v. Christiana Trust* when it explained that the *SFR* decision "did not create new law or overrule existing precedent; rather, that decision declared what NRS 116.3116 has required since the statute's inception. Therefore, that decision necessarily applies retroactively."[26]

Indeed, lenders were well aware long before *SFR* of the risk they were taking by letting HOA assessments mount against their security interests.[27] The Bank's allegation in the complaint that its "servicing agent, or its predecessor, tendered the super-priority lien amount to HOA or its agents prior to the HOA Sale"[28] demonstrates that the banking industry was long aware of NRS 116.3116 and its operation. Because the *SFR* decision did not change or redefine the Bank's rights or obligations under Nevada's non-judicial foreclosure scheme, it was the foreclosure sale or the recording of that deed just days later—not the *SFR* decision—that started the Bank's litigation clock running.

---

[25] *See* ECF No. 9 at 19; ECF No. 16 at 6.

[26] *K&P Homes v. Christiana Trust*, 398 P.3d 292, 295 (Nev. 2017).

[27] *See SFR*, 334 P.3d at 414 (noting that the banks could have easily avoided the effects of NRS 116.3116's lien-extinguishment feature by paying off the HOA liens "to avert loss of [their] security" or by establishing "an escrow for [HOA] assessments to avoid having to use [their] own funds to pay delinquent dues"); *see also Nationstar Mortg. LLC v. Amber Hills II Homeowners Ass'n*, 2016 WL 1298108, at *8 (D. Nev. Mar. 31, 2016) (proposing two more ways for a bank to avoid losing its lien interest by HOA foreclosure: "It could attend the statutorily-required public auction and purchase the property. Additionally, if the HOA or its agent refuses to provide the superpriority lien amount or to accept payment, the lienholder could sue for a declaration of the superpriority amount and to require the HOA to accept that amount in satisfaction of the superpriority lien.").

[28] ECF No. 1 at Facts ¶ 8.

## Conclusion

IT IS THEREFORE ORDERED that **Saticoy Bay LLC's Motion to Dismiss Complaint [ECF No. 8] and Royal Highlands' Motion to Dismiss [ECF No. 14] are GRANTED IN PART.** I dismiss this action as time barred, so I need not and do not reach the defendants' remaining dismissal arguments. The Clerk of Court is directed to ENTER JUDGMENT accordingly and CLOSE THIS CASE.

Dated: June 6, 2018

_____
U.S. District Judge Jennifer A. Dorsey